[No. 5856.]

ROSENBORG v. JOHNSON.

Insurance — Premiums — Waiver of Payment by Agent—An agent soliciting insurance accepts the note of the insured to himself for the first premium, and, having a balance with the insurance company, directs the amount of this premium to be charged against his account. The policy is delivered according. ingly. Held, that the first premium is satisfied, the policy valid, and that the insured should not be heard to plead want of consideration in an action upon the note.—(54, 55)

*Appeal from Lake County Court*—Hon. WILLIAM H. HARRISON, Judge.

Mr. JAMES GLYNN, for appellant.

Mr. GEORGE F. BURTCH, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court.

Judgment was rendered in the county court of Lake county for the sum of $106.75, being the amount found due the plaintiff upon the defendant's promissory note. From the judgment the defendant has appealed to this court.

The note sued on was given by Johnson under circumstances, as appears in the abstract of record, as follows: Johnson was an insurance agent and induced Rosenborg to buy a one-thousand-dollar policy in the company he represented. The first premium was paid to the company by Johnson, and Rosenborg gave his note to Johnson, payable in sixty days, and the policy was thereupon delivered to Rosenborg. Johnson, it seems, kept a running account with his company, and he directed the amount of the premium due on the policy to be charged to him, which the company did.

Johnson testified that at the time of this transac-

tion he had on deposit with the company more than enough to pay the amount of the premium.

The error relied upon to reverse the judgment is that it is contrary to the evidence and contrary to the law applicable to the evidence. The specific objections to the judgment are: (1) That the judgment should not stand because of fraudulent representations made by Johnson to Rosenborg to induce him to make application for the policy. (2) That the transaction between the parties was in violation of the terms of the application and the policy, and that any claim for insurance that might have arisen under the policy could not have been sustained by the beneficiary, the policy being void for want of payment of the first premium by the beneficiary. (3) The testimony shows that Johnson was a mere solicitor for the company and had no authority to deliver the policy until the premium was paid.

We shall not consider the question of fraud discussed in the brief for the reason that the court must have found no fraud was practised by the plaintiff upon the defendant; and there was testimony to support the finding.

The authorities which hold that a mere agent cannot waive the conditions of the policy with reference to the payment of the premium; that no discrimination may be made between policy holders; that if the premium is not paid the policy is void; and a note given for the premium is without consideration, are not in point. In this case there was no extension of the time for the payment of the premium. The note was not given to the company nor to the agent, but to the individual, Johnson, who accepted it in lieu of cash; and he testified that he had on deposit with the company a sufficient sum to pay the amount of the premium due and that in due course he directed the company to charge his account

with the amount due on the policy delivered to Rosenborg, and that the company did so charge his account. Johnson testified:

"Q. What did you give Rosenborg that note to sign for? A. For money that I advanced to The Mutual Life Insurance Company.

"Q. How much? A. The amount the company required.

"Q. What was it advanced for? A. For the insurance premium.

"Q. For this policy? A. Yes.

"Q. How much did you advance? (Objected to; objection sustained.) A. I asked to be charged so much and that is deducted from what I have on my account. I always have a surplus with them."

No authority was presented holding that under the circumstances as detailed by the witnesses the note given was without consideration or that the policy delivered was void. We, therefore, hold that the defendant was delivered a valid policy of insurance and that the note given was upon a valid consideration. The judgment must therefore be affirmed. *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.